# BALTIMORE CITY COURT

Filed May 20, 1890.

CHARLES S. WACKER
VS.
S. MAGRUDER TUBMAN.

HARLAN, J.—

This is a petition for a mandamus, to be directed to S. Magruder Tubman, a justice of the peace of the —— ward, requiring him to transmit the papers in the case of Patrick Kanovan vs. Charles F. Wacker, the petitioner, to Edward Flaherty, a justice of the peace of the first ward, for trial. The petitioner alleges his residence in the latter ward, and claims the right to have his cause tried before the justice of the peace of the ward in which he resides, by virtue of Section 611, Article 4, Public Local Laws, title "City of Baltimore,"

sub-title "Justices of the Peace," which reads as follows:

"Every summons issued by said justices shall be made returnable before the same or any justice of the peace of the ward in which the debtor may reside; and the defendant shall have his election to have his cause tried before the justice who issued the summons or before the justice of the ward in which he resides."

The respondent relies upon the use of the term "debtor" in the statute as confining the election thereby given, to cases where the object of the action is to recover a sum of money which can be claimed as a debt, and insists that the right does not exist where the object of the action either is to recover damages for a tort or wrong independent of contract, or to recover unliquidated damages for a breach of a contract. It is admitted that the present case belongs to the latter category. In support of the defendant's contention our attention has been directed to the case of Wm. S. Rayner vs. H. W. Snowden, in which Brown, C. J., refused in the City Court in April, 1874, to issue a mandamus to compel the transmission of the papers in a suit for the speedy recovery of the possession of certain premises by the justice who issued the summons to the justice of the ward of the defendant's residence; and also in the case of Johns vs. Pollard, in which Garey, J., in the same Court refused a mandamus to compel the transmission of the papers in a replevin case from the justice who had issued the summons to the justice of the ward of the petitioner's residence. The opinion of Brown, C. J., in the case of Rayner vs. Snowden, will be found together with certain other valuable decisions of his on pp. 220, 221, of the Baltimore City Code of '79. The opinion of Garey, J., was delivered orally, and unfortunately we have no report of it. Section 611 of Art. IV, Public Local Laws, Code of '88, relied upon as the basis of this application, as above stated, is a codification of Sec. 625 of Art. IV, Public Local Laws, Code of '60, as amended by the Act of 1868, Ch. 375. The law in the old Code reads as follows:

"Every summons issued by said justices shall be made returnable before the same or any justice of the peace of the ward in which the debtor may

reside, and the defendant shall have his election to have his case tried before the justice who issued the summons, or before the justice of the ward in which he resides, and before whom the summons is made returnable." So far as the right of election is concerned it is plain that as the law then stood the defendant only had an election when the justice issuing the summons had made it returnable before the justice of the ward of the defendant's residence. There was no obligation on the justice to make a summons returnable before the justice of the ward of defendant's residence, but in case he did, the defendant was given an election or choice to have his case tried either before the justice who issued the summons or before the justice before whom the summons was returnable. So that it was in the power of the issuing justice to prevent in the beginning any chance of an election by making all summons returnable before himself. It seems to have been the purpose of the Act of 1868, which simply omitted the italicized words, to give the defendant an election between the justice issuing the summons and the justice of the ward of defendant's residence, irrespective of the question whether the summons was made returnable before the latter justice or not.

Turning our attention more particularly now to the first clause of the section under consideration, it becomes important to recall the provisions of the general law with reference to the issuing of process by justices of the peace.

By reference to the Code of Public General Laws, Article 52, Sections 5 and 20, it will be seen that in the State at large a justice of the peace issuing a summons in a civil case may make the same returnable before himself or before any other justice of the county. Acting on his own or the plaintiff's suggestion he may compel the defendant, if he wishes to defend the suit, to appear with his witnesses before the justice of some other election district, miles from his home; and what is more remarkable, no right of removal or election is provided which will secure him a more convenient trial. Apparently it seemed proper to the legislature to provide a different rule for Baltimore City by enacting that, "Every summons issued by said justices (of Baltimore City) shall be made returnable before the same or before the justice of the peace of the ward in which the debtor may reside." If the word "debtor" as here used could be construed as having any technical signification, it could only be effective for the purpose of limiting the kind of summons, which a justice can make returnable before the justice of the ward of defendant's residence, to a summons in debt; but in our opinion it was not used here in any such narrow or technical sense, and the expression "in which the debtor resides" may well be regarded as meaning "in which the defendant, who is sought to be made a debtor by the recovery of a judgment, resides." The section begins with the comprehensive terms "every summons," but a reference to the preceding Section 610 discloses that the legislative mind had in contemplation in this connection only summonses "in debt or damages," that is, suits the object of which was to recover money claimed as a debt or damages and as the primary object of a summary ejectment proceeding before a justice is to recover possession of land, and of an action of replevin is to recover possession of specific chattels, the cases decided by Judges Brown and Garey, above referred to, are clearly distinguishable as not within the statute. We do not mean to disturb those decisions, but are clearly of the opinion that under the true construction of the statute, the defendant has an election, as to who shall try his case, as between the justice issuing the summons and the justice appointed for the ward in which he resides, in all cases where the object of the suit is the recovery of a money judgment, whether claimed properly as a debt or as unliquidated damages for a wrong growing out of a pure tort or out of a breach of contract.

It follows from what has been said that the prayer of the petition in this case should be granted and the writ of mandamus issued, and it is accordingly so ordered, the cost to be paid by the respondent.